**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**July 13, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-10960
Summary Calendar

JOHNNA E. BURTON,

Plaintiff-Appellant,

versus

BUCKNER CHILDREN AND FAMILY SERVICES, INC.,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:02-CV-415-P
--------------------

Before REAVLEY, JONES and PRADO, Circuit Judges.

PER CURIAM:*

Buckner Children and Family Services, Inc. (Buckner) hired Johnna Burton (Burton) as a special events coordinator in 1995 and fired her in 2000. Burton, who was more than 40 years old when she was fired, filed suit in a Texas court against Buckner alleging age discrimination under the Texas Commission on Human Rights Act (TCHRA) and retaliation for using leave under the federal Family Medical Leave Act (FMLA), 29 U.S.C. § 2601 et seq.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Buckner removed the case to federal court on grounds that the FMLA claims presented a federal question.  28 U.S.C. § 1331.

The district court granted summary judgment for Buckner on grounds that Burton was fired for a legitimate nondiscriminatory reason and not because of age discrimination or in retaliation for her exercise of her FMLA rights.  The court reasoned that Burton's attempts to contest Buckner's summary judgment evidence concerning age discrimination were vague and without foundation. The court also concluded that Burton failed to establish a prima facie case of retaliation under the FMLA, and that even if she had, Buckner had established a legitimate nonretaliatory reason for dismissing her.  We affirm.

"Summary judgment is reviewed de novo, under the same standards the district court applies." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991).  Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "'there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law.'"  Id. (quoting FED. R. CIV. P. 56(c)).  We agree with the district court that Burton's conclusional allegations and speculation were insufficient to establish a genuinely contested issue of material fact.  See Michaels v. Avitech, Inc., 202 F.3d 746, 754-55 (5th Cir. 2000).

Buchner supported its motion for summary judgment with affidavits and documents indicating that Burton was dismissed for inadequate performance.

Burton's allegations of discrepancies in Buckner's summary judgment evidence were either unsupported by the record or so trivial as to be immaterial. See Michaels, 202 F.3d at 754-55 (mere conclusions and speculation inadequate to defeat summary judgment motion); see also Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 148 (2000) (noting that "employer would be entitled to judgment as a matter of law [if] plaintiff created only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred"); Moore v. Eli Lilly & Co., 990 F.2d 812, 815-16 (5th Cir. 1993) (plaintiff must do more than cast superficial doubt on employer's proffered reason for dismissal). Summary judgment was proper on the age-discrimination claims.

To support her claims of discrimination for exercising her rights under the FMLA, Burton was required to show initially that "(1) she was protected under the FMLA; (2) she suffered an adverse employment decision; and either (3a) that she was treated less favorably than an employee who had not requested leave under the FMLA; or (3b) the adverse decision was made because she took FMLA leave." Hunt v. Rapides Healthcare Sys. L.L.C., 277 F.3d 757, 768 (5th Cir. 2001). As noted by the district court, Burton

pointed to no summary judgment evidence that "she was treated less favorably than an employee who had not requested leave under the FMLA; or [that] the adverse decision was made because she took FMLA leave."  Hunt, 277 F.3d at 768.  Her references to the treatment of fellow employee JoAnn Cole did not show either that Cole had never used FMLA leave or that Cole's infraction was "nearly identical" to the infractions for which Burton was dismissed.  See Wallace v. Methodist Hosp. System, 271 F.3d 212, 220-21 (5th Cir. 2001) (compared employee's conduct must be "nearly identical" to plaintiff's).  Burton therefore did not make a prima facie case of discrimination under the FMLA.

Even had Burton made a prima facie case, her claim would fail because she did not create a genuinely contested issue of material fact with respect to Buckner's legitimate, non-discriminatory reason for dismissing her.  See Michaels v. Avitech, Inc., 202 F.3d at 754-55; Moore, 990 F.2d at 815-16. Summary judgment was proper on the FMLA claim.

AFFIRMED.